**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Submitted April 3, 2013
Decided April 9, 2013

## Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. D-13-0005

IN THE MATTER OF:

HERBERT L. GOLDBERG,
    *Respondent*.

Disciplinary Matter

## Order

On February 27, 2013, this court entered an order directing attorney Herbert L. Goldberg to show cause why he should not be disciplined for abandoning his client in *United States v. Rowe*, No. 11-3177, a criminal appeal. Goldberg did not respond to this order and was summarily suspended from practice pending further action by a motions panel. That step at last produced a response, in which Goldberg asserted that he did not "fully see" what the order of February 27 required. The order was not a long document; counsel's failure to read and comply is perplexing. And as it turns out even the belated response (filed on March 27) does not provide helpful information.

That order stemmed from Goldberg's failure to file an opening brief in a criminal appeal that had been pending for seventeen months. (The notice of appeal was filed on September 26, 2011.) The appeal had been marked by protracted delay. Soon after the notice was filed, the lawyer then representing

Rowe told the court that he would be replaced by Goldberg. It took Goldberg until May 2012 to file the motions (and consent of the client) needed to accomplish this simple task. To get those papers filed, the court had to issue an order requiring Goldberg to show cause why he should not be disciplined.

Neither Goldberg nor Rowe's original appellate lawyer placed a timely order for the trial transcript. Goldberg then started lodging motions for extension of time to file the brief (which already was overdue). The motion filed on December 17, 2012, told the court that the transcript had been received at the beginning of the month and that "this will be counsels [sic] last request for any extension of time." The court extended the due date until January 25, 2013, which was more than enough time from delivery of the transcript to prepare an opening brief. This order provided that further extensions would be granted only in extraordinary circumstances.

On January 24, 2013, one day before the new due date, Goldberg asked for another 30-day extension. Circuit Rule 26 requires such applications to be filed at least a week before the brief is due; Goldberg did not offer any explanation for his failure to comply with that rule. Nor did the motion make any effort to demonstrate an extraordinary circumstance. Finally, the motion did not attempt to explain why counsel was going back on the promise he had made in December that no further extension would be requested.

The court granted this motion despite all of these problems. In criminal cases, counsel's failure to file a timely brief is hard to cope with. If the appeal is dismissed for want of prosecution, the defendant soon will charge his lawyer with ineffective assistance, and the remedy for that is a new appeal. The court therefore tries to have matters resolved in the initial appeal, using the disciplinary mechanism rather than dismissal of the appeal to enforce the rules.

This court's order of January 25, 2013, reset the due date at February 25 and provided that no further extensions would be granted under any circumstances.

On February 25, 2013, attorney Goldberg filed—not a brief, but still another motion for extension of time. This motion again failed to comply with Circuit Rule 26, failed to note that counsel had twice promised the court that no further extension would be sought, and failed to address the statement in the order of January 25 that no further extensions would be forthcoming. Like Goldberg's other motions, this was generic: it invoked press of business, not any exceptional circumstance. Yet every lawyer has a professional duty to take no more work than he can handle in a timely fashion. It is apparent that attorney Goldberg has failed in this duty to the court and his client. Goldberg's delay also has caused the resolution of the appeal filed by Rowe's co-defendant to be

unduly deferred. The co-defendant's brief was filed in June 2012. Rowe's brief should have been filed then too.

Goldberg's motion of February 25 said that it would be his final request. But the court had heard that song before. On February 27 the court entered an order denying the motion for extra time; providing that the appeal would be dismissed for want of prosecution (leading to an adjudication that Goldberg had provided ineffective assistance) unless a brief appeared within 14 days; directing that Goldberg be placed on the list of lawyers ineligible for appointment as counsel under the Criminal Justice Act and ineligible for more than two extensions of time in any future appeal; and directing that he show cause why he should not be disciplined. As we have mentioned, Goldberg ignored the show-cause order until the first disciplinary step had been taken. He did tender an *Anders* brief on the fourteenth day, but it did not comply with the Federal Rules of Appellate Procedure. It was eventually replaced by a compliant brief, but the disciplinary matter remains.

Goldberg contends that discipline is unnecessary because he has learned his lesson and will not again delay so long in filing. But given the unreliability of his past promises—and the fact that his belated response does not even try to explain why he tarried so long in filing the brief, and why he had not kept his earlier promises—it would be inappropriate to close this proceeding without some concrete step.

It seems to us that the minimum discipline is a formal censure for failing to perform duties to the client to file documents in a timely manner, and failing to perform duties to the court to comply with judicial orders and keep promises made to the judiciary. This order represents that censure, which Goldberg must send to every court in which he is currently licensed to practice.

Goldberg's failure to serve his client's interests also requires him to refund to his client any fees he has accepted for his professional services to Rowe. In the end, Goldberg did not file an advocate's brief to assist his client's cause.

The suspension previously entered will remain in effect until attorney Goldberg files an affidavit demonstrating that he has complied with both the censure and the restitution components of this order. Goldberg's right to practice in this court then will be restored, though he will remain on the lists of lawyers ineligible for CJA appointments and ineligible for more than two extensions following availability of the transcript.

If in any future case Goldberg again fails to discharge his duties to his clients and the court, he should not expect lenience.